UNITED STATES of America,
Plaintiff—Appellee,

v.

**Kyle K. PECK, Defendant—Appellant.**

No. 02–30403.

D.C. No. CR–02–00004–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2003.*

Decided Aug. 12, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Kyle K. Peck appeals from his sentence for bank fraud in violation of 18 U.S.C. § 1344. We affirm.

Peck claims that the district court improperly included all his fraudulently obtained loans in the calculation of the amount of loss, which increased his offense level by nine. *See* U.S.S.G. § 2F1.1(b)(1)(J) (2000). He argues that the amount should have been limited to the amount he actually gained by the scheme, and that the fraudulent loans he paid off with other fraudulent loans should not have been included. We review the dis-

trict court's calculation of loss for clear error. *See United States v. King,* 257 F.3d 1013, 1025 (9th Cir.2001).

The district court did not clearly err. The "core rule" is that "loss is the greater of the actual or intended loss." *United States v. McCormac,* 309 F.3d 623, 627 (9th Cir.2002) (quotations omitted); U.S.S.G. § 2F1.1, cmt. n. 8(b). The court properly included the amounts of fraudulently obtained loans paid off with other fraudulent loans in the intended loss, as each loan was part of the scheme to defraud and no legitimate payments were made. *See United States v. Blitz,* 151 F.3d 1002, 1012 (9th Cir.1998) (proper to include amounts refunded or returned as prizes to victims of fraudulent telemarketing scheme in amount of loss, as refunds and prizes were not legitimate services and enabled defendants to avoid detection).

Peck also argues that his offense level was improperly enhanced by two for his targeting of vulnerable victims under U.S.S.G. § 3A1.1(b). We review for clear error. *See United States v. Medrano,* 241 F.3d 740, 743 (9th Cir.2001). Evidence was introduced that two of Peck's victims were bank customers of his in difficult financial and personal circumstances, which led them to put more confidence in Peck as their loan officer and to rely on him for sound advice, and that Peck was aware of their situations. The prosecutor argued that the victims lacked financial acumen and were less likely to discover the fraud. It was not clear error to conclude that these victims were vulnerable. *See id.* at 744.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.